**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| NICKOLAS BROWN, individually, and as the personal representative of the SUPERVISED ESTATE OF AMBERLEE CORINA BERKMAN-POWERS, deceased, | ) ) ) ) ) ) | NO. 2:17-CV-125 |
| vs. | ) ) ) | |
| HOSPITAL "A", *et al.*, | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Defendant's Motion to Dismiss or Alternatively Summary Judgment," filed by the United States of America on March 24, 2017 (DE #8) and the "Defendant United States of America's Motion for Summary Ruling," filed by the United States of America on November 9, 2017 (DE #24). For the reasons set forth below, the motion to dismiss (DE #8) is **GRANTED**. Count IV is **DISMISSED WITHOUT PREJUDICE** for lack of derivative jurisdiction. The motion for summary ruling (DE #24) is **DENIED AS MOOT**. The Clerk is directed to **REMAND** the remaining claims to Lake Superior Court for further proceedings.

BACKGROUND

The plaintiff, Nickolas Brown ("Plaintiff"),[1] filed a complaint in Lake Superior Court, Lake County, Indiana, on December 13, 2016, against a hospital and several physicians. (DE #5.) The complaint alleges that on or about November 28, 2014, the defendants provided negligent healthcare services to Amberlee Corina Berkman-Powers ("Berkman-Powers") that resulted in her death. (*Id.*) Count I brings claims against Hospital "A," while Counts II through VI bring identical claims against Physicians "A" through "E." (*Id.*) On March 15, 2017, the acting United States Attorney for the Northern District of Indiana, Clifford D. Johnson, certified that the defendant referenced in Count IV, Physician "C" ("Dr. Queen Marsh"), was acting within the scope of her office or employment as a Public Health Service employee pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) at the time of the incident described in the complaint. (DE #1-1.) On March 21, 2017, the United States of America removed the case to federal court. (DE #1.) That same day, the United States of America filed a motion for substitution of party because the Federal Tort Claims Act ("FTCA") provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees

---

[1] Nickolas Brown is suing individually and as the personal representative of the Supervised Estate of Amberlee Corina Berkman-Powers. (DE #5.)

taken within the scope of their office or employment and the United States shall be substituted as the party defendant.  See generally 28 U.S.C. § 2679.  (DE #4.)  Magistrate Judge Paul R. Cherry granted the motion for substitution on March 22, 2017.  (DE #6.) On March 24, 2017, the United States of America filed the instant motion to dismiss Count IV, arguing that the Court lacks jurisdiction over it.  (DE #8.)  On April 21, 2017, Plaintiff filed an unopposed motion for an extension of time to respond to the motion to dismiss, and the deadline was extended to May 7, 2017. (DE #15 & DE #16.)  To date, Plaintiff has not filed a response. On November 9, 2017, the United States of America filed a motion for summary ruling requesting that the Court grant the motion to dismiss summarily.  (DE #24.)  Plaintiff has failed to file a response to that motion as well.  Both motions are ripe for adjudication.


DICUSSION

Northern District of Indiana Local Rule 7-1(d)(4) provides that "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline."  Because the instant motion to dismiss is unopposed, it is within the Court's discretion to grant the motion and dismiss Count IV without further comment.  N.D. Ind. L.R. 7-1(d)(4); see also *Sanders v. Town of Porter Police Dept.*, 2:05-CV-377, 2006 WL 2457251, at *2 (N.D.

Ind. Aug. 22, 2006) (collecting cases). However, for the sake of clarity in the record, the Court will proceed to analyze the issue as it was presented. Motions to dismiss for lack of subject matter jurisdiction fall under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In considering a Rule 12(b)(1) motion, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," and may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007) (citation omitted). The plaintiff bears the burden of demonstrating subject matter jurisdiction, and must "clearly allege facts that invoke federal court jurisdiction." *Sprint*, 361 F.3d at 1001. The Court "presume[s] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Id*. (citation and internal quotation marks omitted).

The United States of America argues that Count IV of the complaint should be dismissed because the Lake Superior Court lacked subject matter jurisdiction over any claims for money damages arising out of the alleged negligence of Dr. Queen Marsh, a federal employee, and, therefore, this Court did not acquire derivative jurisdiction from the state court. "Jurisdiction of the federal court on removal is, in a limited sense, a derivative

jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquired none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Abu-Humos v. First Merit Bank*, No. 15-cv-6961, 2015 WL 7710374, at *1 (N.D. Ill. Nov. 30, 2015) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)).

Plaintiff's complaint is straightforward. He alleges that negligent healthcare services on the part of a hospital and several physicians caused the death of Berkman-Powers. However, because Dr. Queen Marsh has been certified under the FTCA as a federal employee acting within the scope of her employment, Plaintiff's claim of negligence in Count IV is really against the United States, and the exclusive remedy for tort claims against the United States for money damages is the FTCA. *Feres v. United States*, 340 U.S. 135, 140 (1950); 28 U.S.C. §§ 1346(b), and 2679(a)-(b)(1); see also *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (stating "the FTCA is a limited waiver of the United States' sovereign immunity" and it "is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment"). As noted above, a FTCA claim such as this must be initiated in federal court. See *Alinsky v. United States*, 415 F.3d 639, 643 (7th Cir. 2005) (stating the "FTCA grants federal courts jurisdiction over" damages claims against the United States for negligence by a government employee); *Midwest*

*Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991); *Abu-Humos*, 2015 WL 7710374, at *1 (holding "while common law torts are cognizable under the FTCA, state courts lack jurisdiction over such claims."). Because jurisdiction under the FTCA existed only in federal court, the Lake Superior Court lacked subject matter jurisdiction over any claims for money damages arising out of the alleged negligence of Dr. Queen Marsh. Furthermore, the state court lacked jurisdiction to hear the claims of negligence against her, and, upon removal, this Court acquired no derivative jurisdiction from the state court. See *Rodas v. Seidlin*, 656 F.3d 610, 615-16 (7th Cir. 2011); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Fedorova v. Wells Fargo and Co.*, No. 16 C 1810, 2016 WL 2937447, at *2 (N.D. Ill. May 20, 2016); *Abu-Humos*, 2015 WL 7710274, at *1-2. The Court notes that *Rodas* recognized a limited exception for the derivative jurisdiction rule for removals under section 1442 where a motion to dismiss is made after removal, but only where the case has already been decided on the merits. *Rodas*, 656 F.3d at 619-25. Here, the case has not been decided on the merits, and dismissal without prejudice is the proper result. See *Abu-Humos*, 2015 WL 7710374, at n.1 ("dismissal is strongly indicated when the issue is raised before any substantive matters have been addressed."). Thus, the Court dismisses Count IV without prejudice for lack of derivative jurisdiction.

Having dismissed Count IV, the Court does not have original jurisdiction over the remaining claims in the complaint. In such an instance, a court may decline to exercise supplemental jurisdiction over those remaining claims. 28 U.S.C. § 1367(c)(3). Here, the Court finds that it would not be appropriate to exercise supplemental jurisdiction over Plaintiff's remaining claims, and they are remanded to the Lake Superior Court. *See Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011) (recognizing that "a district judge has discretion to relinquish supplemental jurisdiction and remand once the federal claim has dropped out" of a lawsuit).

Finally, because the Court has ruled on the motion to dismiss, the motion for summary ruling is denied as moot.


CONCLUSION

For the reasons set forth above, the motion to dismiss (DE #8) is **GRANTED**. Count IV is **DISMISSED WITHOUT PREJUDICE** for lack of derivative jurisdiction. The motion for summary ruling (DE #24) is **DENIED AS MOOT**. The Clerk is directed to **REMAND** the remaining claims to Lake Superior Court for further proceedings.


**DATED:  December 4, 2017**       /s/RUDY LOZANO, Judge
                                   **United States District Court**